```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                           :
  LACEY HAYWOOD,                                           :
                                                           :   **MEMORANDUM**
                                  Plaintiff,              :   **DECISION AND ORDER**
                                                           :
             - against -                                   :   08 Civ. 4961 (BMC)
                                                           :
  FREMONT INVESTMENT & LOAN,                               :
  FREMONT REORGANIZING                                     :
  CORPORATION,                                             :
                                                           :
                                  Defendants.              :
                                                           :
----------------------------------------------------------- X
```

**COGAN, District Judge.**

This case is before the Court on defendants' motion to dismiss under Fed.R.Civ.P. 12(b)(6). The complaint alleges violations of the Truth in Lending Act (TILA), 15 U.S.C. §1601 *et seq.* Specifically, plaintiff alleges that defendants failed to give her two copies (or any copies) of her notice of right to cancel a real estate finance loan, as the TILA requires, and thus she asserts her right to rescind the loan. In an affidavit filed in opposition to the motion, she admits that at the closing, at which she was not represented by counsel, she signed a document acknowledging receipt of the notices. Nevertheless, she claims that no documents were given to her at the closing; rather, the closing documents were mailed to her so that she received them about five days later. She further asserts that upon receipt of the papers, she looked through them and found no notice of the right to cancel. She knew she had three days from closing to cancel the loan, but since she had received the papers post-closing later than that, and they had no notice of her right to cancel, she was of the view that any right to cancel had expired. She

expressly denies removing any documents from the package she received in the mail after the closing.

Defendants recognize that under Bell Atlantic v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007), the complaint need only allege a "plausible" claim. I see nothing implausible about a borrower at a closing, where documents are often passed back and forth as if they were multiple balls on a roulette wheel, walking away from the table with less every single piece of paper that was passed around for signature, even if one of the multiple documents she signed acknowledged receipt of those documents. Indeed, plaintiff alleges that she received no papers at closing, but only by express delivery five days later. That does not seem implausible to me either, and it seems strange that plaintiff would fabricate an express mail delivery of documents that in fact never occurred. Furthermore, it is not implausible that someone at Fremont may have omitted documents when it put plaintiff's package together after closing, or that it mailed them to plaintiff too late for them to have any meaning.

That is what plaintiff alleges. It would certainly heighten the plausibility of her claim if she had included the details set forth in her affidavit in her complaint, but this is a simple TILA case, not one where the circumstances are sufficiently complex that additional detail is needed to assess plausibility. There is no reason for the Court to require an amended complaint that would simply add the information set forth in plaintiff's affidavit in opposition to the motion.

Defendants make much of the "presumption of delivery" set forth in 15 U.S.C. §1635(c). That does not assist them. First, the statute is phrased in the negative: "written acknowledgment … does no more than create a rebuttable presumption of delivery thereof." The plain language of the statute recognizes that there will be instances when delivery has not occurred notwithstanding execution of an acknowledgement that it did. More importantly, rebuttable

presumptions will rarely have any effect on a Rule 12(b)(6) motion; by definition, they involve a weighing of the evidence and thus play no role on a motion directed to the pleadings. "[C]ourts have refused to consider presumptions in favor of the defendant on a motion to dismiss since presumptions are evidentiary standards that are inappropriate for evaluation at the pleadings stage." 5B C. Wright & A. Miller, Federal Practice & Procedure §1357 (3d ed. 2006).

Defendants next argue that if the mere submission of an affidavit of non-receipt is sufficient to survive a motion to dismiss, then this "will eliminate a three day right of rescission as a practical matter and establish the existence of only a three year right to rescind any loan" under the TILA. First of all, this is not mere naked denial of receipt. Plaintiff's affidavit tells a detailed version of what happened at closing and asserts that she was only given the documents five days after closing when she received them by mail. She further asserts that she promptly checked for the notices and there were none in the package. Plaintiff has presented a sufficiently detailed version of the events so that the emasculation of the TILA's safe harbor provision that defendants postulate is not an issue. Compare Parker v. Long Beach Mortg. Co., 534 F. Supp.2d 528 (E.D. Pa. 2008) (where borrowers asserted at trial that they did not remember receiving the required notices, the presumption was sufficient to support a finding that notice was given) with Knapp v. Americredit Financial Services, Inc., 245 F. Supp.2d 841 (S.D. W. Va. 2003) (summary judgment denied where borrowers testified that they left automobile dealership without TILA disclosure form, even though they had signed acknowledgement confirming receipt).

Second, unlike defendants, I am not going to presume that parties are going to regularly bring lawsuits in federal court based on perjured testimony, which is what defendants are in effect alleging. I am not saying it has never happened or will never happen, but it does not seem

3

to me a sufficiently frequent occurrence so that a substantial number of consumer loans are economically undermined. Cross-examination at trial and the consideration of circumstantial evidence is usually sufficient to bring forth the truth, and the U.S. Attorneys' office is almost always proximate to the federal district court if a litigant is so bold as to base a federal case on perjured testimony. These factors together serve as a sufficient disincentive for the abuse that defendants presume.

Finally, it is not plaintiff's theory, but that of defendants', that would do violence to the statute. I am not sure what defendants think "no more" than "a rebuttable presumption of delivery" means if it is not this case. According to defendants, all they have to do is present a signed acknowledgement of receipt of the notices and the case is over. Defendants' theory is one that would change the rebuttable presumption into one that is conclusive, and we know from the plain language of the statute that Congress did not intend that result.

Defendants' last point, raised only in their reply brief, is that plaintiff's claim should not be allowed to proceed by reason of equitable doctrines like estoppels or ratification. Putting aside defendants' failure to give plaintiff an opportunity to address these claims by not

mentioning them in their moving papers, the fact-driven nature of those defenses makes them wholly inappropriate for a pleadings motion.

## CONCLUSION

Defendants' motion to dismiss is denied.

**SO ORDERED.**

Electronically signed/Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
March 16, 2009